**Ricardo GUTIERREZ DEPINERES, Plaintiff—Appellant,**

v.

**Willie SCOTT, Warden; James Brown, Chaplain; Mr. Choate, Assistant Warden Operations; Melvin Lee, Contract Administrator, Defendants—Appellees.**

No. 03–7917.

United States Court of Appeals, Fourth Circuit.

Submitted May 28, 2004.

Decided June 24, 2004.

Ricardo Gutierrez DePineres, Appellant pro se. Stanley Graves Barr, Jr., Shepherd Dean Wainger, Kaufman & Canoles, Norfolk, Virginia; Mark Allen Davis, Womble, Carlyle, Sandridge & Rice, Raleigh, North Carolina; Rudolf A. Renfer, Jr., Assistant United States Attorney, Raleigh, North Carolina, for Appellees.

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part; vacated and remanded in part by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ricardo Gutierrez DePineres appeals from the district court's orders denying relief on his civil rights complaint and denying his Fed.R.Civ.P. 59(e) motion. Construing this pro se complaint liberally, *see Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), we find that, contrary to the district court's conclusion, DePineres *did* seek monetary damages from Defendants Scott, Brown, and Choate for their alleged religious discrimination and violations of his First Amendment right by denying him Kosher meals.[1] Accordingly, we vacate that portion of the district court's order dismissing this claim as moot and remand for further proceedings. We deny the Defendants' motion to dismiss the appeal[2] and affirm the district court's order in all other respects for the reasons stated by the district court. *See DePineres v. Scott,* No. CA–02–248–5–BO (E.D.N.C. Sept. 26, 2003). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART; VACATED AND REMANDED IN PART*

---

1. DePineres explained in a motion filed on July 5, 2002, that, although he sought relief from the individual Defendants, he named Rivers Correctional Institution in his prayer for relief based on his belief that the corporation would pay any judgments entered against its employees for civil rights violations.

2. This appeal is timely under *Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), and Fed. R.App. P. 4(a)(4).